UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FREDDIE L. DAVIS,

       Plaintiff,

  v.

NATIONAL GRAND WHITE LODGE
OF NASHVILLE, TENNESSEE, et.,[1]

       Defendant.

Case No. 1:17-cv-734

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On November 1, 2017, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1). The complaint identifies as the sole Defendant is the National Grand White Lodge of Nashville, Tennessee.

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which

---

[1] It is unclear whether Plaintiff's use of the word "et" in the caption was intended to signify the Latin abbreviation "et al.," which phrase typically identifies additional Defendants. No Defendant other than the National Grand White Lodge was identified in the tendered complaint.

relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Allegations Of Complaint

In his complaint, Plaintiff accuses the Defendant Lodge of "attempting to enslave me the plaintiff" for the past 14 years. Plaintiff alleges he "has been subjugated for the last (14) years to an Abusive psychology – Mental Slavery and sensory abuse." (Doc. 1-1 at 3). Plaintiff cites a variety of laws and constitutional rights that he alleges that the Defendant has violated by allegedly enslaving Plaintiff, concluding that "the Grand

White [Lodge] has deprived Plaintiff for the last (14) years of his life, liberty prosperity, to pursue his happiness as a right good citizen of Unit[ed] States of American [sic]." (*Id.*) Plaintiff seeks monetary damages in an unspecified amount for the alleged 14 years of "illegal abusive psychology, physical abuse by [illegible] against his personal body, Slanding [sic] from lying to causing Plaintiff to lose employment – thru [sic] physical abuse of his feet & intelligence." (Doc. 1-1 at 4).

### III.  Analysis of Claims

Under relevant screening standards and federal law, Plaintiff's complaint should be dismissed in its entirety.  The complaint lacks factual content or context from which the Court may reasonably infer the basis for federal jurisdiction over any claim that Plaintiff may have against Defendant Lodge, which appears to be a building associated with the Free Masons in Nashville, Tennessee. The Defendant Lodge does not appear to be a governmental entity, under which any constitutional claim would lie pursuant to 42 U.S.C. § 1983.  Moreover, the general and fantastical nature of Plaintiff's allegations, without specific dates or detail, in combination with the delusional and difficult-to-comprehend nature of those allegations, warrant summary dismissal for failure to state a claim.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

FREDDIE L. DAVIS,

    Plaintiff,

    v.

NATIONAL GRAND WHITE LODGE
OF NASHVILLE, TENNESSEE, et.,

    Defendant.

Case No. 1:17-cv-734

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5